941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. JACKSON, Plaintiff-Appellant,
v.
Sidney E. POLLICK, et al., Defendant-Appellees,
 No. 90-2271.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, Southern Division, No. 89-73069; Feikens, J.
 E.D.Mich., 751 F.Supp. 132.
 AFFIRMED.
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 Per Curiam.
 
 
 1
 Plaintiff-appellant James R. Jackson appeals from the district court's grant of summary judgment in defendants' favor in this legal malpractice action. Defendant-appellees are Sidney E. Pollick, an attorney licensed in Michigan, and two legal partnerships in which Pollick held an interest during the time in question. For the reasons that follow, we affirm.
 
 
 2
 Beginning in 1968, Jackson worked as a guidance counsellor in Michigan's Highland Park School District. During the mid-1970's Jackson, who is white, became involved in a series of disputes with black administrators and teachers over what he believed to be racially motivated hostility against whites generally and himself personally. The conflicts affected Jackson adversely and he left the Highland Park school district in 1979.
 
 
 3
 In October 1980 Jackson retained Pollick to represent him. No written document was ever drafted to specify the extent of Pollick's representation. The parties agree that the attorney-client relationship extended at least to Pollick's representation of Jackson in a successful workers' compensation action.
 
 
 4
 At the evidentiary hearing in the district court, Pollick testified that he limited his representation of Jackson to the workers' compensation action. Pollick further testified that when Jackson asked him whether he would represent Jackson in a reverse discrimination action against the Highland Park school district, Pollick declined and advised Jackson to seek legal advice from another attorney or from his teachers' union. (Joint App., pp. 88-90). Jackson testified that he repeatedly asked Pollick for legal advice concerning the possibility of a reverse discrimination action against the Highland Park school district. He supported this testimony with a letter he had written to Pollick in 1980. In the letter Jackson asked Pollick in a postscript, "Any insights into the reverse discrimination suit?" (Joint App., p. 323). Jackson admitted, however, that Pollick never agreed to represent him on any claim other than the workers' compensation claim. (Joint App., p. 76).
 
 
 5
 In granting defendants' motion for summary judgment, the district court determined that Jackson failed to meet his burden of showing that a genuine issue of material fact existed regarding whether Pollick agreed to represent Jackson on any claim other than the workers' compensation action.
 
 
 6
 Jackson contends that the district court erred in granting defendants summary judgment because the evidence of the scope of Pollick's representation was in conflict.
 
 
 7
 A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing that the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. Celotex, 477 U.S. at 323. Once the moving party meets the burden of showing that no genuine issue of material fact exists, the responding party must present "affirmative evidence" showing otherwise in order to defeat the motion for summary judgment. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989).
 
 
 8
 We review the district court's grant of summary judgment de novo. Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990).
 
 
 9
 Michigan law requires a plaintiff bringing an action for legal malpractice to prove four elements: 1) the existence of an attorney-client relationship; 2) the negligence of the attorney; 3) the negligence proximately caused an injury; 4) the extent of that injury. Pantely v. Garris, Garris & Garris, P.C., 180 Mich.App. 768, 778-79, 447 N.W.2d 864 (1989), appeal denied 435 Mich. 871 (1990), citing Adell v. Sommers, Schwartz, Silver & Schwartz, P.C., 170 Mich.App. 196, 204, 428 N.W.2d 26 (1988), appeal denied 432 Mich. 901 (1989).
 
 
 10
 The district court properly granted defendants' motion for summary judgment on the first of these elements. Since Pollick testified that he limited his representation to Jackson's workers' compensation claim, the district court properly required Jackson to produce affirmative evidence indicating the existence of an oral contract that extended his representation beyond the worker's compensation proceeding. See Street, 886 F.2d at 1479. Since Jackson admitted that Pollick never agreed to represent him beyond the workers' compensation action, it is undisputed that Pollick's representation of Jackson was limited to the workers' compensation action. The absence of an agreement is also supported by Jackson's testimony that he repeatedly asked Pollick about the possibility of a reverse discrimination action against the Highland Park school district. If the parties had agreed that Pollick would represent Jackson beyond the workers' compensation action, Jackson's repeated inquires would have been unnecessary.
 
 
 11
 Jackson argues that the district court incorrectly discounted his subjective belief that he was represented by Pollick in all matters relating to his employment at Highland Park. This contention lacks merit. Under Michigan law, a putative client's subjective belief is insufficient to establish an attorney-client relationship where none exists. See Scott v. Green, 140 Mich.App. 384, 400 (1985) (Kirwan, J., concurring in part) (the majority explicitly adopted Judge Kirwan's concurring opinion on this issue); see also Fletcher v. School Dist. Bd. of Ed., 323 Mich. 343, 347-48 (1948). Although Jackson relies on several cases holding to the contrary, the cases are distinguished because the courts did not attempt to determine the scope of an attorney-client relationship under Michigan law. For example, in Dalrymple v. Nat. Bank & Trust Co. of Traverse City, 615 F.Supp. 979 (D.C.Mich.1985), the district court did not rely on Michigan law in concluding that a putative client's subjective belief is the focal point for determining whether an attorney-client relationship existed. 615 F.Supp. at 982. In Jackson v. O'Hara, Ruberg, Osborne, and Taylor, 875 F.2d 1224, 1230 (6th Cir.1989), reh'g den., op. corrected 6/26/89, this court faced the issue of whether an attorney-client relationship existed under Kentucky law. Although we relied on Dalrymple with approval, we did so in the absence of pertinent Kentucky law. 875 F.2d at 1230. Since we are obliged to follow Michigan law in the instant case, Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and since Michigan law provides that a putative client's subjective belief is by itself insufficient to establish an attorney-client relationship, Scott, 140 Mich.App. at 400, Jackson's contention that the district court erred in not focusing on his subjective belief lacks merit.
 
 
 12
 Accordingly, the district court's grant of defendants' motion for summary judgment is affirmed.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation