FRANK R. MEYERS, Plaintiff-Appellant, v. ROCKFORD SYSTEMS, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—92—1310

Opinion filed December 14, 1993.

Timothy H. Okal, of Spina, McGuire & Okal, P.C., of Elmwood Park, for appellant.

Richard K. Van Evera and Thomas A. Green, both of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

Plaintiff, Frank Meyers, appeals from the dismissal by the circuit court of Winnebago County of defendant Armour Beckstrand from count III of plaintiff's second amended complaint and from the court's subsequent denial of plaintiff's motion to reconsider. Additionally, plaintiff appeals from the court's denial of plaintiff's post-judgment motion for leave to file an amended count III pertaining to Beckstrand.

This appeal constitutes the second appeal taken from the trial court in the instant case. The prior appeal arose out of the trial court's order denying plaintiff's motion for preliminary injunction to enjoin defendants, Rockford Systems, Inc. (Rockford Systems), Rockford Medical and Safety Company (Rockford Medical), Dennis Ebens, Richard Provi, and Armour Beckstrand, from declaring a

default or forfeiture of all plaintiff's interests in the capital stock of Rockford Systems and Rockford Medical purchased by plaintiff and deposited with Beckstrand, as escrow agent. Through his motion plaintiff also sought to enjoin Beckstrand from transferring the stock to the secretary of the respective corporations for cancellation and reissue pursuant to an escrow agreement executed by plaintiff and the individual defendants. The trial court based its denial of plaintiff's motion for preliminary injunction on its finding that plaintiff had an adequate remedy at law.

In an unpublished order issued pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23) this court affirmed the trial court's denial. (*Meyers v. Rockford Systems, Inc.* (1991), 212 Ill. App. 3d 1108.) While this appeal was pending, plaintiff filed a second amended complaint. At count III plaintiff sought monetary damages against defendant Beckstrand, as escrow agent, for his conduct in turning over the stock held in escrow to the secretary of the respective corporations after the complaint for injunction was denied. Beckstrand filed a motion to dismiss, asserting that his conduct was authorized by the escrow agreement executed by the individual parties. Following a hearing, the trial court dismissed Beckstrand with prejudice from count III. Plaintiff subsequently filed a motion to reconsider and a motion to amend the complaint at count III, both of which the trial court denied. This appeal ensued.

The following facts are relevant to an understanding of the issues raised on appeal and of our disposition of those issues.

In December 1988, plaintiff was employed with Rockford Systems and Rockford Medical as general manager of operations. At that time defendants Ebens and Provi gave plaintiff the opportunity to purchase a one-third ownership interest in the corporations through the purchase of stock from Ebens and Provi for a total price of $400,000. Plaintiff was to pay $100,000 to Ebens and Provi by January 3, 1989, and to pay the remainder of the price in annual installments of $100,000 due by January 3 of 1990, 1991, and 1992, plus 10% interest on the outstanding balance. Plaintiff timely made the first two installment payments.

In conjunction with the purchase of the stock, plaintiff and defendants Ebens and Provi executed an escrow agreement and escrow instructions. Defendant Beckstrand was designated to act as the escrow agent. The escrow agreement set out the duties and responsibilities of the escrow agent. The escrow instructions instructed Beckstrand on the procedure to follow upon receipt of plaintiff's installment payments or upon default in those payments.

With respect to a default in payment, the escrow instructions provided:

> "In the event of a default by Frank R. Meyers in the payment of any installment pursuant to said notes, which default is not cured by Frank R. Meyers within ten (10) days or waived by Messrs. Provi or Ebens within ten (10) days, the Escrow Agent is instructed to turn the stock over to the Secretary of the respective corporations for cancellation and re-issue of same to Messrs. Provi and Ebens, and all payments made pursuant to said notes shall be held by Messrs. Provi and Ebens as liquidated damages and Frank R. Meyers shall not be entitled to any refund of any monies paid, whereupon the escrow shall terminate."

On November 30, 1990, plaintiff filed a complaint for injunction seeking in count III to prevent the escrow agent, Beckstrand, from acting pursuant to the escrow instructions pertaining to default although no default in payment by plaintiff had yet occurred. In count III plaintiff challenged the validity of the forfeiture and liquidated damages proviso set forth in the instructions and also specifically alleged that the deposit of the stock held by Beckstrand with the circuit court would fulfill the purpose of the escrow agreement and protect all defendants "pending a final application of this cause." Following a hearing on January 11, 1991, on this matter, the court denied injunctive relief, finding that plaintiff had an adequate remedy at law. A written order to this effect was entered on January 18, 1991. Plaintiff took an interlocutory appeal from the trial court's denial of his request for a preliminary injunction.

Also on January 18, 1991, the trial court granted plaintiff leave to file his first amended complaint. On February 8, 1991, while plaintiff's appeal was pending, Beckstrand filed a motion to dismiss count III of plaintiff's first amended complaint, alleging that it sought "substantially the same injunctive relief" as had been previously denied by the court.

On February 11, 1991, Beckstrand turned over the stock held in escrow to the attorney for defendants Ebens and Provi for delivery to Alvin Chase, secretary of Rockford Systems and Rockford Medical. In a letter to Chase, dated February 11, 1991, Beckstrand explained his actions, stating in pertinent part:

> "Pursuant to said demand letters [from Ebens and Provi on January 14, 1991, and from their attorney, Richard Van Evera, on January 16, 1991] and pursuant to the terms and conditions of the Escrow Instructions, I have no choice or

discretion and must tender these documents to you as Frank R. Meyers, according to said demand letters, is in default of his obligation as set forth in the Escrow Agreement."

On February 28, 1991, plaintiff filed his second amended complaint and in count III sought relief in the form of a declaratory judgment holding that the forfeiture and liquidated damages provision of the escrow agreement was invalid. Additionally, plaintiff sought money damages against Beckstrand for violating his fiduciary duties under the escrow agreement when he surrendered possession of the stock to Chase. Attached to plaintiff's complaint was the February 11, 1991, letter from Beckstrand to Chase. Beckstrand filed a motion to dismiss count III, pursuant to sections 2—619(a)(6) and (a)(9) of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619(a)(6), (a)(9) (West 1992)), stating that he had acted pursuant to the escrow agreement and escrow instructions in turning over the stock to the secretary of the corporations. Additionally, Beckstrand stated that specific provisions of the agreement operated to release him, as escrow agent, from any and all personal liability for any act undertaken in compliance with the provisions of the escrow agreement and instructions.

On May 22, 1992, the trial court dismissed Beckstrand with prejudice from count III of plaintiff's second amended complaint against Beckstrand, holding that the language of the escrow agreement and escrow instructions exonerated the escrow agent from liability. Additionally, the court found that Beckstrand's February 11, 1991, letter to the secretary of the defendant corporations was insufficient to indicate Beckstrand had acted in bad faith in turning over the stock to the secretary. Plaintiff filed a motion to reconsider, which the court denied. In so denying, the court reiterated that the escrow agreement insulated Beckstrand from liability and authorized his conduct.

Subsequently, plaintiff presented to the court a motion for leave to file an amended complaint as to defendant Beckstrand. Beckstrand filed a response regarding the inappropriateness of the motion. Following a hearing on the motion, the trial court denied the motion. Plaintiff thereupon commenced the instant appeal.

On appeal, plaintiff contends: (1) that the trial court erred in dismissing count III of plaintiff's second amended complaint with prejudice as to defendant Beckstrand because no provision in the escrow agreement relieved Beckstrand from liability for his conduct in surrendering the stock he held in escrow; (2) that the trial court erred in granting Beckstrand's motion to dismiss under section 2—

619 where a material question of fact existed as to whether Beckstrand acted in good faith in surrendering the stock; and (3) that the trial court erred in denying plaintiff leave to file an amended complaint as to Beckstrand because plaintiff was entitled to an opportunity to cure his complaint. Plaintiff's first two issues are related and will be considered together.

■■ The purpose of a section 2—619 motion to dismiss is to provide a mechanism to dispose of issues of law or easily proved issues of fact, and such a motion may be granted when the claim asserted against the defendant is barred by other affirmative matter defeating the claim. (*Noesges v. Servicemaster Co.* (1992), 233 Ill. App. 3d 158, 162.) Affirmative matter includes something in the nature of a defense that completely negates the alleged cause of action. (*Brown v. Chicago Park District* (1991), 218 Ill. App. 3d 612, 616.) It is defendant's burden to show that plaintiff's claim was barred by such matter. (*Noesges*, 233 Ill. App. 3d at 164.) The trial court should grant the motion to dismiss if, after construing the documents supporting the motion in the light most favorable to the party opposing the motion, the court finds no disputed issues of fact. *Timberline, Inc. v. Towne* (1992), 225 Ill. App. 3d 433, 439.

In the instant case, plaintiff's complaint was supported by the escrow agreement and escrow instructions, *i.e.*, contracts executed by plaintiff and by defendants Ebens, Provi, and Beckstrand, as escrow agent. Also attached to the complaint was a copy of the letter sent by Beckstrand to the secretary of the defendant corporations at the time Beckstrand surrendered the stock to the secretary. Copies of the escrow agreement and escrow instructions were likewise attached to Beckstrand's motion to dismiss count III. Although Beckstrand did not present any affidavits in support of his section 2—619 motion to dismiss, as plaintiff points out, such affidavits are unnecessary if the grounds for the motion appear on the face of the pleading attacked. 735 ILCS 5/2—619 (West 1992); *Geick v. Kay* (1992), 236 Ill. App. 3d 868, 874.

Plaintiff does not deny that he signed the escrow agreement and the escrow instructions. The instructions provided in relevant part:

> "Frank R. Meyers, Richard M. Provi and Dennis R. Ebens do hereby deposit with Armour T. Beckstrand, as Escrow Agent, all of the items set forth in Schedule A, to be held by said Escrow Agent, subject to the terms and conditions as hereinafter set forth, to-wit:

The Escrow Agent is instructed to follow general provisions 1 thru 11 of the Escrow Agreement. In addition *** [i]n the event of a default by Frank R. Meyers in the payment of any installment pursuant to said notes, which default is not cured by Frank R. Meyers within ten (10) days or waived by Messrs. Provi or Ebens within ten (10) days, the Escrow Agent is instructed to turn the stock over to the Secretary of the respective corporations for cancellation and re-issue of same to Messrs. Provi and Ebens, and all payments made pursuant to said notes shall be held by Messrs. Provi and Ebens as liquidated damages and Frank R. Meyers shall not be entitled to any refund of any monies paid, whereupon the escrow shall terminate."

The escrow agreement provided in relevant part:

"5. The Escrow Agent shall not be personally liable for any act it may do or omit to do hereunder as such agent, while acting in good faith and in the exercise of its own best judgment, and any act done or omitted by it pursuant to the advice of its own attorneys shall be conclusive evidence of such good faith.

* * *

8. The Escrow Agent shall be under no duty or obligation to ascertain the identity, authority or rights of the parties executing or delivering or purporting to execute or deliver these instructions or any documents or papers or payments deposited or called for hereunder, and assumes no responsibility or liability for the validity or sufficiency of these instructions or any documents or papers or payments deposited or called for hereunder."

■ According to paragraph 8 of the escrow agreement, Beckstrand was under no duty or obligation to ascertain the rights of the parties nor was he liable for the validity of the instructions contained within the agreement. Under paragraph 5 of the agreement, Beckstrand could not be held personally liable for any act he performed as escrow agent, provided that, in performing the act, Beckstrand acted in good faith. In signing the escrow agreement plaintiff impliedly acquiesced in the exculpation set forth in paragraphs 5 and 8 of the agreement. Although exculpatory provisions do not enjoy special favor in the law, if inserted in an agreement, as done here, they are generally held effective except as to breaches of trust committed in bad faith or intentionally or with reckless indifference to the interest of the beneficiary. (*Axelrod v. Giambalvo*

(1984), 129 Ill. App. 3d 512, 517.) In our view, therefore, paragraphs 5 and 8 of the escrow agreement relieved Beckstrand from any liability in surrendering the stock upon plaintiff's default in making the installment payments pursuant to the escrow instructions unless Beckstrand failed to act in good faith in making that surrender.

■■ The basis for plaintiff's complaint was the alleged wrongful termination of his employment which he maintained precluded him from adhering to the payment schedule for the purchase of the stock in the defendant corporations and resulted in his default in payment. In this court, plaintiff maintains that, as a named defendant in the complaint, Beckstrand was aware that a dispute existed between plaintiff and defendants Ebens and Provi as to the events leading to plaintiff's default. Consequently, plaintiff asserts, under paragraph 10 of the escrow agreement Beckstrand should have deposited the stock with the circuit court until that dispute was resolved by the court instead of surrendering the stock to the secretary of the corporations. Paragraph 10 provides in relevant part:

"10. In the event of any dispute between the parties hereto as to the facts of default, the validity or meaning of these instructions or any other fact or matter relating to the transaction between the parties, the Escrow Agent is instructed as follows:

* * *

(b) That he *may* in his sole and absolute discretion, deposit the property described herein or so much thereof as remains in his hands with the then Clerk, or acting Clerk, of the Circuit Court of the County of Winnebago, State of Illinois, and interplead the parties hereto, and upon so depositing such property and filing his complaint in interpleader he shall be relieved of all liability under the terms hereof as to the property so deposited, and furthermore, the parties hereto for themselves, their heirs, legal representatives, successors and assigns do hereby submit themselves to the jurisdiction of said court and do hereby appoint the Clerk, or acting Clerk, of said court as their Agent for the service of all process in connection with such proceedings." (Emphasis added.)

Plaintiff contends that, in failing to adhere to paragraph 10 and to deposit the stock with the court, Beckstrand committed bad faith and that the trial court, therefore, ruled improperly in finding no bad faith and in granting Beckstrand's motion to dismiss in accord-

ance with its ruling. Plaintiff insinuates that Beckstrand acted in the manner he did, *i.e.*, surrendering the stock to the secretary of the corporations instead of to the court, because he is Ebens and Provi's attorney. This insinuation ignores the fact that Beckstrand is not the personal legal representative of Ebens and Provi. Rather, their attorney is Richard Van Evera, the individual who sent Beckstrand a letter on January 16, 1991, demanding that Beckstrand surrender the stock he held because plaintiff had defaulted in making the January 3, 1991, payment. It also ignores the fact that plaintiff signed the escrow agreement knowing the personal status of the other parties to the agreement.

The escrowee, or escrow agent in this instance, has been described as a "trustee" of both the party making the deposit of property and the party for whose benefit it is made (*Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 228), and, therefore, the escrow agent has a duty to act impartially toward all parties (*Patel v. Lacey* (1990), 203 Ill. App. 3d 1048, 1051). Like a trustee, the escrow agent owes a fiduciary duty to act only in accordance with the terms of the escrow instructions. (*Toro Petroleum*, 33 Ill. App. 3d at 228.) Upon review, a trustee's actions are presumed to have been made in good faith, and a party objecting to a trustee's acts has the burden of going forward with evidence to substantiate the objection. (*First Midwest Bank/Joliet v. Dempsey* (1987), 157 Ill. App. 3d 307, 315.) Likewise, a party objecting to an escrowee's acts bears a similar burden.

In the instant case, Beckstrand did not exceed the authority granted him in the escrow instructions. The instructions directed Beckstrand to turn over the escrow property to the secretary of the defendant corporations if plaintiff defaulted in payment and did not cure that default within 10 days. Beckstrand's letter, attached to plaintiff's complaint, demonstrated that Ebens and Provi made a demand for the escrow property after plaintiff defaulted in January 1991 and after passage of the 10-day redemption period and that, subsequent to their demand, Richard Van Evera, the attorney for Ebens and Provi, also made a demand. Where, as here, one party made a demand for release of the property deposited with the escrow agent and the other party had not fulfilled his obligations within the time prescribed, it would appear that Beckstrand, as escrow agent, acted properly in turning the stock over to the secretary of the defendant corporations as directed in the escrow instructions.

Plaintiff contends, however, that since Beckstrand knew a dispute existed over the facts of the default, Beckstrand should have exercised the authority granted him in paragraph 10 of the escrow agreement and deposited the stock with the circuit court until that dispute was resolved. Under the terms of paragraph 10, Beckstrand "may" deposit the escrow property with the circuit court in the event of a dispute between the parties as to the facts of default. In Illinois, courts interpret the word "may" in private contracts as permissive and not mandatory. (*Professional Executive Center v. La Salle National Bank* (1991), 211 Ill. App. 3d 368, 379.) Thus, paragraph 10, as written, did not mandate the deposit of the stock with the circuit court. Whether Beckstrand deposited the stock with the court was up to his "sole and absolute discretion."

The instant case does not involve a situation such as existed in *Comtrade, Inc. v. First National Bank* (1986), 146 Ill. App. 3d 1069, a case relied upon by plaintiff. There, this court found that a trustee faced with conflicting claims from its beneficiaries had the duty to commence an interpleader action because the trust agreement did not instruct the trustee how to respond to conflicting claims. (146 Ill. App. 3d at 1074.) Here, a provision of the escrow agreement instructed the escrow agent that he "may" file an interpleader action in case of a dispute. Because Beckstrand elected in his discretion to follow the specific authority granted to him in the escrow instructions instead of choosing to do what he was permitted, but not obligated, to do, pursuant to paragraph 10 of the escrow agreement, does not establish that he failed to act in good faith or to exercise his "best judgment."

At the time of plaintiff's default in payment, Beckstrand was cognizant of the fact that the trial court had already denied plaintiff an injunction or temporary restraining order to prevent exactly what occurred here, *i.e.*, plaintiff's default, a declaration of that default by Ebens and Provi, and a transfer of the stock held in escrow by Beckstrand to the secretary of the corporations. Beckstrand's decision, as set forth in his letter to the secretary, to surrender the stock to the secretary did not, as the trial court determined, amount to bad faith. Beckstrand's letter illustrates that he acted as instructed in the escrow instructions. We do not believe that an act specifically authorized by the parties can be used to support an inference of bad faith.

Beckstrand's motion to dismiss alleged that plaintiff signed the escrow agreement and escrow instructions, that, in so doing, plaintiff released Beckstrand from all personal liability, that Beckstrand

bore no relationship to the other defendants other than as legal representative of the defendant corporations and as escrow agent of all the parties, and that upon plaintiff's default in payment Beckstrand acted pursuant to the escrow instructions. These were affirmative matters, evident from the pleadings, which defeated or negated plaintiff's claim that Beckstrand was personally liable for turning over the stock to the secretary of the corporations. We conclude that the trial court's dismissal of count III of plaintiff's complaint directed against Beckstrand was proper.

■ Plaintiff also contends on appeal that the trial court erred in denying plaintiff leave to file an amended complaint as to Beckstrand because plaintiff was entitled to an opportunity to cure his complaint. Plaintiff's motion for leave to file an amended count III against Beckstrand occurred after the trial court had dismissed the count with prejudice and subsequently denied plaintiff's motion to reconsider this dismissal. Plaintiff implies that Beckstrand's response to plaintiff's motion to reconsider challenged the sufficiency of plaintiff's complaint on the basis of plaintiff's failure to state a cause of action (735 ILCS 5/2—615 (West 1992)). Defendant's motion to dismiss was based on section 2—619 rather than on section 2—615 of the Code. Plaintiff asserts that, to the extent that the trial court sustained defendant's motion to dismiss based on a finding of factual insufficiency in the allegations of count III, *i.e.*, based on section 2—615, plaintiff should have been granted leave to amend that count.

Initially, we note that we do not read Beckstrand's response to plaintiff's motion to reconsider as challenging the sufficiency of plaintiff's complaint to state a cause of action. Secondly, the court's comments at the hearing on defendant's motion to reconsider do not indicate that the court denied defendant's motion on this basis. Lastly, the record reveals that neither plaintiff's response to defendants' motion to dismiss nor plaintiff's motion to reconsider contained a request to amend plaintiff's pleadings.

The trial court has broad discretion to permit or refuse amendments to pleadings, and we will review only a manifest abuse of discretion. (*Goldstein v. Lustig* (1987), 154 Ill. App. 3d 595, 603.) Based on the record before us, we cannot say that the trial court manifestly abused its discretion in denying plaintiff leave to amend count III of his complaint, especially in light of the facts that the trial court's dismissal of the count was not based on section 2—615 and that plaintiff did not request such an amendment until after count III had been dismissed with prejudice.

Accordingly, for the reasons set forth above, we affirm the judgment of the circuit court of Winnebago County granting defendant Beckstrand's motion to dismiss count III of plaintiff's second amended complaint.

Affirmed.

INGLIS, P.J., and WOODWARD, J., concur.