THIRD DIVISION

MARCH 30, 2001

1-99-2864

MELVIN KEEF,                     )  Appeal from the

)  Circuit Court of

Plaintiff-Appellant, )  Cook County

)

v. )

)

KATHLEEN WIDUCH; KOUTSKY,       )  

BOUDREAU, LASSEN and MASON; )               

BRIAN LASSEN; and KENNETH )

KOUTSKY,     )  Honorable Alfred 

)  J. Paul, Judge

Defendants-Appellees. )  Presiding.

JUSTICE CERDA delivered the opinion of the court:

At issue in this case is whether a retained workers' compensation attorney has a duty to advise an injured worker that he might have a cause of action against third parties.

Plaintiff, Melvin Keef, appeals from the dismissal of his legal malpractice complaint against defendants, Kathleen Widuch, Brian Lassen, Kenneth Koutsky, and the law firm Koutsky, Boudreau, Lassen & Mason, who were the attorneys who pursued his workers' compensation claims.  Plaintiff was injured at work twice when a lathe malfunctioned.  Plaintiff alleged that defendants failed either to pursue products liability actions against the manufacturer of the lathe or to inform him about the possibility of third-party actions and their statutes of limitations.  We conclude that, although defendants agreed in a written representation agreement to represent plaintiff only in his workers' compensation claims, they had a duty to advise plaintiff about the possibility of third-party actions and the applicable statutes of limitations.  We affirm in part, reverse in part, and remand.

FACTS

 Count I of plaintiff's first amended complaint alleged that on December 15, 1991, plaintiff was operating a lathe manufactured by Warner & Swasey and that the lathe failed to operate correctly, kicking back a piece of steel and injuring him.  On or about January 1, 1992, plaintiff contacted Widuch allegedly "concerning her representation of him against persons and/or entities responsible" for his injuries.  Plaintiff signed an attorney-client agreement with Widuch on or about January 1, 1992.  

Count I further alleged that he and Widuch signed the agreement to prosecute or settle "all claims of personal injuries and/or entities responsible."  

However, the agreement, which was filed with one of the motions to dismiss, clearly limited representation to a workers'

compensation claim.  It stated that plaintiff "
retain[ed] Kathleen Widuch/Brian D. Lassen *** to prosecute and/or settle all disputed claims for benefits under the Illinois Worker's Compensation Act or Occupational Disease Act against Greenleaf Textron Co. *** on account of injuries arising out of and in the course of employment of [plaintiff] on or about January 15, 1991
."  (Emphasis added.)

Count I further alleged that Widuch failed to file a complaint based on the design and manufacture of the lathe.  Widuch allegedly made no attempt to contact plaintiff regarding the need to file suit or to settle possible claims on his behalf.  The statute of limitations for a products liability action expired on January 14, 1993.  

Count I alleged that Widuch's negligence proximately caused plaintiff to suffer damages.  Widuch was allegedly negligent in the following ways:

(a) by failing to file a complaint prior to the expiration of the statute of limitations on behalf of plaintiff against the manufacturer or any other persons and/or entities responsible for the design and manufacture of the lathe that injured him;

(b) by failing to make any attempts to settle possible products liability claims on behalf of plaintiff against the manufacturer or other persons and/or entities responsible;

(c) by failing to properly investigate the injuries sustained by plaintiff in connection with the injury caused by the lathe;

(d) by causing plaintiff to believe that he was being adequately represented when in fact no efforts at representation were being undertaken on his behalf;

(e) by failing to inform plaintiff that the statute of limitations for any claim he might have against the manufacturer or other persons responsible would expire on or about January 14, 1993;

(f) by failing to inform plaintiff at any time before the statute of limitations expired that Widuch would not be able to pursue an action against the manufacturer or other persons and/or entities responsible;

(g) by failing to advise plaintiff to consult with an attorney experienced in investigating and prosecuting products liability actions; and

(h) by failing to exercise a reasonable degree of skill and care in her representation of plaintiff.  

Count II alleged that plaintiff was injured in the same manner on April 14, 1993.  Widuch allegedly represented plaintiff for these injuries but failed to file a products liability complaint and to contact plaintiff regarding the need to file suit or settle.  The statute of limitations for a products liability action based on this accident expired on April 13, 1995.  Plaintiff alleged the same acts of negligence alleged in count I.  

Count III was brought against Koutsky, Boudreau, Lassen & Mason, against Brian Lassen, and against Kenneth Koutsky based on their malpractice in connection with the 1991 accident.  Allegedly on or before January 14, 1993, defendants associated themselves with Widuch and began representing plaintiff in connection with the 1991 injury.  The count alleged the same acts of negligence alleged in count I.  

Count IV was brought against Koutsky, Boudreau, Lassen & Mason, against Brian Lassen, and against Kenneth Koutsky based on their malpractice in connection with the 1993 accident.  Allegedly on or before August 5, 1993, these defendants associated themselves with Widuch and began representing plaintiff in connection with the 1993 injury.  The count alleged the same acts of negligence alleged in count II.  

Defendants
 
moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)), arguing in relevant part that they were retained only for purposes of plaintiff's workers' compensation claims.  In addition, Widuch argued that count II was defective because plaintiff did not allege that he advised Widuch about the 1993 accident.  The basis for the additional argument would have been section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1998)), but Widuch did not label her motion as being jointly brought pursuant to sections 2-615 and 2-619.  

In opposition to the motions to dismiss, plaintiff filed the affidavit of Daniel Truesdale.  He swore that he had practiced law in Illinois for 15 years, representing hundreds of clients who had suffered workplace injuries.  Truesdale's opinion was that the standard of care applicable to defendants required them to screen plaintiff's case to determine if any potential claims against third parties existed, to advise plaintiff that he could file a claim against the manufacturer, and to either advise plaintiff of his options against the third party or to advise him to seek an opinion from a qualified attorney if they did not feel qualified to render such advice.  He further opined that defendants failed to comply with the standard of care in their representation of plaintiff and that their failure proximately caused injuries to plaintiff.  

The motions to dismiss the complaint were granted, and plaintiff appealed.  

ANALYSIS 

Plaintiff argues that defendants' duties to him were not limited by the form attorney-client representation agreements but arose out of the attorney-client relationship.  Plaintiff contends that a workers' compensation attorney has a duty to inform his client of the possibility of third-party recovery because the typical injured worker is a layman who would not have a full understanding of his legal options. 
 Defendants
 respond that their duty was defined solely by their contracts and that they were not obligated under the contracts to provide representation in third-party actions.

Section 2-619(a)(9) provides for dismissal on the basis that the claims asserted were barred by affirmative matter avoiding the effect of or defeating the claim.  735 ILCS 5/2-619(a)(9) (West 1998).  A trial court should grant a motion for involuntary dismissal pursuant to section 2-619 if, after construing the documents supporting the motion in the light most favorable to the party opposing the motion, the trial court finds no disputed fact issues (
Meyers v. Rockford Systems, Inc.
, 254 Ill. App. 3d 56, 61, 625 N.E.2d 916 (1993)) and finds no set of facts can be proved that would entitle plaintiff to recover (
Nikolic v. Seidenberg
, 242 Ill. App. 3d 96, 98-99, 610 N.E.2d 177 (1993)).  For purposes of the motion to dismiss, all well-pleaded facts in the pleading as well as reasonable inferences to be drawn from those facts are taken as true.  
Waterford Executive Group, Ltd. v. Clark/Bardes, Inc.
, 261 Ill. App. 3d 338, 343, 633 N.E.2d 1003 (1994). 

On appeal the reviewing court must consider whether there were genuine issues of material fact that precluded dismissal or, absent such facts, whether dismissal was proper as a matter of law.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993).  
Whether a dismissal pursuant to section 2-619 is proper is a matter of law, and we review the trial court's ruling 
de
 
novo
.  
McGee v. State Farm Fire & Casualty Co.
, 315 Ill. App. 3d 673, 680, 734 N.E.2d 144 (2000).

The elements of a cause of action for attorney malpractice are (1) an attorney-client relationship; (2) a duty owed by defendant to plaintiff arising out of that relationship; (3) a breach of that duty on the part of defendant; (4) a proximate causal relationship between defendant's breach and the damages sustained by plaintiff; and (5) damages.  
Metrick v. Chatz
, 266 
Ill. App. 3d
 649, 652, 639 
N.E.2d
 198 (1994).  A complaint for attorney malpractice can be sought on either a contract or tort theory.  
Collins v. Reynard
, 154 
Ill. 2d
 48, 50, 607 
N.E.2d
 1185 (1992).   

Widuch argues that an attorney's duty to her client is limited by the scope of the representation sought by plaintiff and undertaken by defendant--in this case, the retainer contract limited the duty of Widuch to pursue a workers' compensation claim.  See 
Majumdar v. Lurie
, 274 
Ill. App. 3d
 267, 270, 653 
N.E.2d
 915 (1995) (a malpractice action arises out of either an express or implied contract and consequently, because the duty owed arises out of a contractual relationship, it is necessarily limited by the scope of the contract of employment).  

However, not all duties of an attorney are limited to the terms of the attorney-client agreement.  For example, the requirement of competence is a duty traditionally imposed in the attorney-client relationship that exists without regard to the terms of a contract of employment.  
Collins
, 154 Ill. 2d at 55-56.  Another duty that exists independently of a written contract is the duty to provide advice to the client about legal remedies.  See 
Metrick
, 266 
Ill. App. 3d
 at 653 (in a case involving allegations that the attorney did not disclose to the clients the advantages of different types of bankruptcy proceedings, the court stated that it is the duty of every attorney to inform a client of the available options for alternative legal solutions as well as to explain the foreseeable risks and benefits of each). 

In addition, the attorney has a duty to inform a client about the scope of the attorney's representation.  See 134 
Ill. 2d
 R. 1.2(c) (a lawyer may limit the objectives of the representation if the client consents after disclosure).  Although a representation agreement may limit the scope of representation to a particular legal course of action, the client must be made to understand that the course of action is not the sole potential remedy and that there exist other courses of action that are not being pursued.  See G. Hazard & W. Hodes, 
The Law of Lawyering
 §1.2:401, at 39 (2d ed. 1993 Supp.) (Rule 1.2(c) requires that the attorney advise the client of the "risks inherent in contracting for limited legal services").  

Whether a duty is owed is a question of law.  
Jewish Hospital v. Boatmen's National Bank
, 261 
Ill. App. 3d
 750, 759, 633 
N.E.2d
 1267 (1994).  The factors that are relevant to determining the existence of a duty include (1) reasonable foreseeability; (2) the likelihood of injury; (3) the magnitude of the burden on defendant in guarding against injury; and (4) the consequences of placing that burden on defendant.  
LaFever v. Kemlite Co.
, 185 Ill. 2d 380, 389, 706 N.E.2d 441 (1998).  The question whether an attorney breached a duty of care owed to a client is a question of fact.  
Shanley v. Barnett
, 168 
Ill. App. 3d
 799, 803, 523 
N.E.2d
 60 (1988).

The Illinois Workers' Compensation Act (Act) permits an injured worker to sue persons liable other than employers, and the employer may pursue such action at a certain point if the employee fails to do so:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act."  820 ILCS 305/5(b) (West 1998). 

It is reasonably foreseeable that the typical injured worker is uninformed about the possibility of a third-party action.  Such a client relies upon his workers' compensation attorney to advise him of all the potential legal remedies and is likely to forego consideration of a third-party action absent this advice.  
 Any workers' compensation attorney knows or should know about the possibility of third-party tort actions, as they are referenced in the Act itself.  The burden on the attorney would be slight to require him either to advise the client about the possible third-party actions or, if he does not wish to represent the client in a third-party action, to advise him to seek advice from a qualified attorney.  

If a workers' compensation attorney fails to advise a client about the possibility of third-party actions, the client is not informed about the limited scope of the attorney's representation.  In other words, the client will not understand that the workers' compensation action 
will become his exclusive remedy.

A California legal malpractice case has applied similar reasoning to find that a workers' compensation attorney has a duty of care to advise his client about third-party actions.  
Nichols v. Keller
, 15 Cal. App. 4th 1672, 1687, 19 Cal. Rptr. 2d 601, 610 (1993). 
 The court reasoned as follows why the workers' compensation attorney should advise the client about third-party actions:

"One of an attorney's basic functions is to advise.  Liability can exist because the attorney failed to provide advice.  Not only should an attorney furnish advice when requested, but he or she should also volunteer opinions when necessary to further the client's objectives.  The attorney need not advise and caution of every possible alternative, but only of those that may result in adverse consequences if not considered.  Generally speaking, a workers' compensation attorney should be able to limit the retention to the compensation claim if the client is cautioned (1) there may be other remedies which the attorney will not investigate and (2) other counsel should be consulted on such matters.  However, even when a retention is expressly limited, the attorney may still have a duty to alert the client to legal problems which are reasonably apparent, even though they fall outside the scope of the retention.  The rationale is that, as between the lay client and the attorney, the latter is more qualified to recognize and analyze the client's legal needs.  The attorney need not represent the client on such matters.  Nevertheless, the attorney should inform the client of the limitations of the attorney's representation and of the possible need for other counsel."  
Nichols
, 15 Cal. App. 4th at 1683-84, 19 Cal. Rptr. 2d at 608. 

We agree with the reasoning of 
Nichols
.  

We conclude that, in the unique circumstances of this case, workers' compensation attorneys should have a duty to clients to advise them about the possibility of third-party actions and either to investigate such claims or to advise the clients to consult other counsel about such claims.  

We note that 
defendants
 have cited 
Jackson v. Pollick
, 751 F. Supp. 132 (E.D. Mich. 1990), 
aff'd without published opinion
, 941 F.2d 1209 (6th Cir. 1991), in which a legal malpractice claim was made based on the workers' compensation attorney's failure to pursue plaintiff-client's related employment discrimination claims.  Summary judgment was granted in favor of the attorney on the basis that the attorney limited his representation to plaintiff to the workers' compensation claim.  
Jackson
, 751 F. Supp. at 133.  
Jackson
 is distinguishable because the claim of malpractice was that the attorney did not pursue the employment discrimination claim that the client believed he had when he met with the attorney.  The case did not involve an allegation that the client was unaware that he had a potential employment discrimination suit. 
 Nor an allegation that the attorney failed to advise his client.

Another out-of-state case similarly found that there was no malpractice by a workers' compensation attorney who was given information by his client that formed the basis of a third-party claim.  In 
Teague v. Scott
, 597 So. 2d 1060 (La. 1992), it was alleged that the attorney was informed that some of the client's medical problems were possibly caused by the use of eye drops.  It was further alleged that the attorney was informed about a possible claim against the company that manufactured the drug but did nothing to pursue the claim.  The court upheld the dismissal of the cause of action on the basis that the client failed to allege that he retained the attorney or that the attorney had agreed to represent him in connection with that claim.  
Teague
, 597 So.2d at 1065.  
Teague
 is distinguishable because the client was aware of the potential products liability when he retained the attorney for the workers' compensation claim.  

We next address plaintiff's allegation that defendants did not advise him of the statute of limitations for third-party actions.  The burden on the attorney to advise the client about the statute of limitations for products liability actions is slight.  A workers' compensation attorney has the ability to easily and quickly research the length of the products liability statute of limitations.  This information is necessary to allow the layman client to consult with another attorney in a timely manner.  

We hold that a retained workers' compensation attorney has a duty to advise an injured worker that he might have a claim against third parties and that a third-party action could be barred if not brought within the statute of limitations.  See 
Togstad v. Vesely, Otto, Miller & Keefe
, 291 N.W.2d 686, 694 (Minn. 1980) (a jury could conclude that an attorney, with whom plaintiff consulted about a possible medical malpractice claim of her husband and who declined case and did not advise her of statute of limitations, was negligent).

We conclude that plaintiff's complaint stated a cognizable cause of action in part and that the existence of the written contract did not defeat all of those claims.  The following subparagraphs containing the negligence allegations were improperly dismissed: (e) defendants failed to inform plaintiff that the statute of limitations for any claim he might have against the manufacturer or other persons responsible would expire on or about January 14, 1993 (or April 13, 1995, in the case of the 1993 accident); (f) defendants failed to inform plaintiff at any time before the statute of limitations expired that they would not be able to pursue an action against the manufacturer or other persons and/or entities responsible; (g) defendants failed to advise plaintiff to consult with an attorney experienced in investigating and prosecuting products liability actions; and (h) defendants failed to exercise a reasonable degree of skill and care in their representation of plaintiff.  

We next address Widuch's claim in the alternative that count II failed to state a cause of action because it did not allege an attorney-client relationship in connection with plaintiff's second accident in 1993.  Widuch argues that plaintiff failed to allege that Widuch was ever advised about the 1993 injury or in any way had known about it.  

Plaintiff argues that we cannot address this issue because the trial court did not reach it, finding only that defendants did not owe any duties with respect to third-party claims.  However, an issue not ruled upon by the trial court can be raised by the appellee if the necessary factual basis for the determination of such a point is contained in the record.  
Greer v. Illinois Housing Development Authority
, 122 
Ill. 2d
 462, 508-09, 524 
N.E.2d
 56 (1988).  The complaint is sufficient to examine this issue.

In order to state a cause of action, a complaint must contain facts necessary to recover; mere allegations of legal conclusions are not sufficient.  
Santelli v. City of Chicago
, 222 Ill. App. 3d 862, 870, 584 N.E.2d 456 (1991).  A complaint that fails to contain all required factual allegations must be dismissed for failure to state a cause of action.  
Madonna v. Giacobbe
, 190 Ill. App. 3d 859, 865, 546 N.E.2d 1145 (1989). 
 

In reviewing a motion to dismiss, the pertinent inquiry is whether plaintiff has alleged sufficient facts in the complaint that, if proved, would entitle plaintiff to relief.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 194, 652 N.E.2d 267 (1995).  As we review the sufficiency of the complaint, all well-pleaded facts and all reasonable inferences from them are taken as true.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115, 660 N.E.2d 863 (1995).  Our review of such matters is 
de
 
novo
.  
Dace International, Inc. v. Apple Computer, Inc.
, 275 Ill. App. 3d 234, 237, 655 N.E.2d 974 (1995).

Count I of the complaint does make an allegation that plaintiff contacted an attorney and informed her of the January 15, 1991, injury.  However, count II contains no allegation that plaintiff contacted Widuch and informed her of the April 14, 1993, injury.  Count II did make an allegation that Widuch represented him for his 1993 injury, but this was a conclusion unsupported by any fact showing Widuch's knowledge of the 1993 injury.  Therefore, count II was properly dismissed by the trial court.  On remand plaintiff can file a motion to amend count II.

The judgment is 
reversed in part, affirmed in part, and the cause is remanded.

Reversed in part and affirmed in part; cause remanded.

WOLFSON, J., concurs.

HALL, P.J., dissents.

     PRESIDING JUSTICE HALL concurring in part and dissenting in part.

     I concur with the dismissal of count II, but I most respectfully dissent in part from the majority opinion in this case because I disagree with the majority's conclusion that an attorney's duty to a client extends to advising him of potential causes of action not contemplated in the express contract of employment between the parties. The majority opinion in this case will open up a "Pandora's Box" of malpractice litigation.

     The defendants in this case believed that they had limited their representation of the plaintiff to matters arising out of the Illinois Worker's Compensation Act by entering into an express agreement with him.  The majority submits that a client would not understand from such an agreement that a worker's compensation claim will become his exclusive remedy.  

It is hard to imagine that the agreement could have been any more explicit with regard to the limitations that the defendants placed on their representation of the plaintiff.  

     The majority states that it is reasonably foreseeable that an injured worker would be uniformed about the possibility of a third-party action and therefore relies on his worker's compensation attorney to advise him of all his potential legal remedies.  In my opinion, it is also reasonably foreseeable that a client reading a contract limiting the area of representation would be prompted to ask about other potential areas other potential areas of recovery.

     I therefore respectfully dissent in part.