569 N.E.2d 41 (1991)
210 Ill. App.3d 223
155 Ill.Dec. 41
Denise SMITH, Individually and as Administratrix of the Estate of Richard Robert Smith, Deceased, Plaintiff-Appellant,
v.
NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, a Public Corporation, Defendant-Appellee (Arthur Hurley et al., Defendants).
No. 1-89-1757.
Appellate Court of Illinois, First District, Fifth Division.
February 15, 1991.
Randall L.F. Peters & Associates (Randall F. Peters and Richard L. Wattling, Chicago, of counsel), for plaintiff-appellant.
Lord, Bissel & Brook (C. Roy Peterson, Hugh C. Griffin and Susan M. Jordan, Chicago, of counsel), for defendant-appellee.
Justice MCNULTY delivered the opinion of the court.
Plaintiff Denise Smith, special administratrix of the Estate of Richard Robert Smith, sued defendant Northeast Illinois Regional Commuter Railroad Corporation, also known as "METRA" and two of its employees, alleging that Smith was injured and killed when his car collided with a METRA train. Counts I through III of the amended complaint seek compensatory damages from all defendants pursuant to the Wrongful Death Act and the Survival Act as well as recovery under the Family Expense Act. These counts are not involved in this appeal.
In count IV against METRA, only, plaintiff individually sought punitive damages from METRA under the Public Utilities Act. (Ill.Rev.Stat.1989, ch. 111 2/3, par. 5-201.) METRA moved to strike and the circuit court struck, with prejudice, count IV of the amended complaint on the ground that METRA is a "governmental entity" under the Illinois Tort Immunity Act and as such "not liable to pay punitive or exemplary *42 damages in any action * * *." (Ill. Rev.Stat.1989, ch. 85, par. 2-102.) The circuit court's order further stated that it was final and appealable pursuant to Illinois Supreme Court Rule 304(a). Ill.Rev.Stat. 1989, ch. 110A, par. 304(a).
For the following reasons we affirm.

FACTS
Plaintiff's amended complaint alleges that decedent Richard Robert Smith was fatally injured on August 29, 1986, about 8 a.m. at the 1430 West 107th Street crossing in Chicago by METRA train No. 408. METRA employee-defendants, Arthur Hurley and Neil Hallahan, allegedly controlled and operated the northbound train. As Smith was travelling west over the tracks on 107th Street, his auto collided with the METRA train. Smith died shortly thereafter. Plaintiff allegedly incurred medical and burial expenses as a result of the accident.
Plaintiff filed a four-count complaint against METRA, Hallahan and Hurley. The only count on appeal is count IV of the amended complaint seeking punitive damages from METRA alone, which the circuit court dismissed by final order on July 5, 1989.

OPINION
Plaintiff contends that Northeast Illinois Regional Commuter Railroad Corporation (METRA) is a separate public corporation established by ordinance of the Commuter Rail Board pursuant to section 2.20(a)(xii) (Ill.Rev.Stat.1989, ch. 111 2/3, par. 702.20(a)(xii)), and thus not within the definition of "local public entity" exempt from punitive damages liability under the Local Governmental and Governmental Employees Tort Immunity Act. Ill.Rev.Stat.1989, ch. 85, pars. 2-101 and 1-206.
"Local public entity" as defined in section 1-206 of the Act at the time of decedent's demise August 29, 1986, "includes a county, township, municipality, municipal corporation, school district, school board, forest preserve district, park district, fire protection district, sanitary district, and all other local governmental bodies." Ill.Rev. Stat.1985, ch. 85, par. 1-206.
Plaintiff contends that since METRA is defined by section 2.20(a)(xii) of the Regional Transportation Authority Act (Ill.Rev. Stat.1989, ch. 111 2/3, par. 701.01 et seq.) as a "separate public corporation" it was not a local public entity as defined in section 1-206 of the Tort Immunity Act at the time plaintiff's cause of action arose and thus not exempt from punitive damage claims.
Plaintiff further contends that Bilyk v. C.T.A. (1988), 125 Ill.2d 230, 125 Ill.Dec. 822, 531 N.E.2d 1, and George v. C.T.A. (1978), 58 Ill.App.3d 692, 15 Ill.Dec. 896, 374 N.E.2d 679, are inapplicable because C.T.A. was designated as a municipal corporation in the statute that created it, while METRA was not. Plaintiff distinguishes West v. Northeastern Illinois Railroad Corporation (1989), 180 Ill.App.3d 307, 129 Ill.Dec. 222, 535 N.E.2d 987 on the basis that both parties in West assumed that NIRC (METRA) was a local public entity for the purpose of the notice of claims provision of the Tort Immunity Act and, therefore, the court was not called upon to decide its status, the matter at issue here.
METRA asserts that:
(1) the Regional Transportation Authority [RTA] is "a unit of local government, body politic, political subdivision and municipal corporation." Ill.Rev.Stat.1989 ch. 111 2/3, par. 701.04; and
(2) the Commuter Rail Board pursuant to section 2.20(a)(xii) (Ill.Rev.Stat.1989, ch. 111 2/3, par. 702.20(a)(xii)), "shall continue the separate public corporation known as the Northeast Illinois Regional Commuter Railroad Corporation [also known as METRA] * * * Such corporation shall have all the powers given the Authority [RTA] * * * under Article II of this Act * * * as are delegated to it by ordinance of the Commuter Rail Board * * * and the same exemptions, restrictions and limitations as are provided by law with regard to the Authority [RTA] shall apply to such Corporation."
METRA contends that its parent corporation, RTA is a municipal corporation exempt from punitive damage liability under section 2-102 (Ill.Rev.Stat.1989, ch. 85, par. 2-102) and under section 2.20(a)(xii) (Ill. *43 Rev.Stat.1989, ch. 111 2/3, par. 702.20(a)(xii)) it enjoys the same exemption as RTA.
In West, the court stated that METRA was a local public entity entitled to the then applicable notice of claim provisions of the Tort Immunity Act. (Ill.Rev.Stat.1983, ch. 85, par. 8-102.)
Section 1-206 of the Tort Immunity Act was amended by P.A. 84-1431, effective November 25, 1986, to include within the definition of local public entity, "library systems and any intergovernmental agency or similar entity formed pursuant to the Constitution of the State of Illinois or the Intergovernmental Corporation Act as well as any not-for-profit corporation organized for the purpose of conducting public business."
METRA is a not-for-profit corporation with no shareholders, funded with public funds from RTA and operates a commuter rail line in the public interest. The purpose of punitive damages is to punish the defendant, to teach him not to repeat outrageous conduct and to deter others from similar conduct. George v. CTA (1978), 58 Ill.App.3d 692, 15 Ill.Dec. 896, 374 N.E.2d 679, citing Mattyasovszky v. West Towns Bus Company (1975), 61 Ill.2d 31, 330 N.E.2d 509.
There are three principal reasons for exempting local public entities engaged in transportation from punitive damages liability:
(1) Punitive damage liability would deplete public transportation funds and be borne by taxpayers and fare-paying passengers.
(2) It is unsound public policy to punish taxpayers for misconduct of employees over whom they have no control.
(3) Punishing the public and fare-paying passengers who are not shareholders and who have no authority to change corporate management serves no societal interest.
See George v. CTA.
The amendment to section 1-206 of the Tort Immunity Act (Ill.Rev.Stat.1985, ch. 85, par. 1-206) effective November 25, 1986, includes within the definition local public entity not-for-profit corporations like METRA organized for the purpose of conducting public business. This enactment did not confer a status on METRA of being exempt from punitive damage liability under the Act which it had not theretofore enjoyed, rather it clarified the tax exempt status from punitive damage liability that METRA already had.
Appellant's analysis of applicable statutes and case law would subject METRA to punitive damage liability under the Tort Immunity Act for carrying on a public transportation function which its parent RTA could perform exempt from such liability. That result makes no sense and furthers no worthwhile social or governmental policy.
For the policy reasons set forth above, METRA is the type of local public entity exempt under Illinois common law later codified by statute from punitive damages liability.
Affirmed.
LORENZ, P.J., and MURRAY, J., concurring.