MELISSA NIKOLIC, Plaintiff-Appellant, v. LEWIS SEIDENBERG *et al.*, Defendants-Appellees.

Second District   No. 2—92—0487

Opinion filed March 12, 1993.

Susan L. Mahoney, of Winston & Strawn, of Chicago, for appellant.

Steven Christophell, of Schoen & Smith, Ltd., of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Melissa Nikolic, appeals from an order granting a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) filed by defendants, Lewis Seidenberg and River Woods Pet Clinic. For the following reasons, we reverse and remand.

On August 25, 1991, plaintiff adopted a female dog, which she named Sasha, from the Orphans of the Storm animal refuge. At the time of the adoption, plaintiff was required to sign a contract with Orphans of the Storm. In accordance with one of its provisions, plaintiff agreed to have Sasha spayed by Dr. Lewis Seidenberg, a veterinarian associated with Orphans of the Storm, at the River Woods Pet Clinic. Dr. Seidenberg owns and operates the clinic.

The operation was performed the day following the adoption. Plaintiff picked up Sasha from the River Woods Pet Clinic and took her home. For two days following the operation, Sasha vomited all the food and water she ingested, was listless, and was breathing heavily. On August 28, 1991, plaintiff called Dr. Seidenberg to report Sasha's condition. Seidenberg responded that Sasha's condition was normal since many sheltered dogs experience anxiety after surgery and upon entering a new environment. He advised plaintiff to continue monitoring the dog but did not suggest that plaintiff bring Sasha back for further examination.

Thereafter, plaintiff contacted a veterinarian at Norwood Park Animal Hospital who instructed her to bring Sasha in right away. Dr. Douglas Hammer, the treating veterinarian, determined that Sasha was totally dehydrated, had a higher than normal temperature, and was suffering from ileus, or inflammation of the intestine. Since Sasha did not respond to treatment, Dr. Hammer performed exploratory surgery on August 30, 1991, and discovered a one-half-inch cut in her intestine which was causing peritonitis. Dr. Hammer closed the cut and removed three liters of a hemopurulent fluid from the dog's abdominal cavity. Sasha was released from the hospital after 11 days. After further treatment at home, Sasha eventually recovered.

On September 10, 1991, plaintiff requested reimbursement from Orphans of the Storm for Sasha's medical expenses at the Norwood Park Animal Hospital. On February 13, 1992, plaintiff filed a *pro se* small claims complaint seeking reimbursement of medical costs incurred for Sasha's treatment following a "surgical error" committed by Dr. Seidenberg. Seidenberg and the River Woods Pet Clinic (hereinafter defendants) responded by filing a section 2—619 motion to dismiss on the basis that plaintiff breached her contract with Orphans of the Storm by failing to bring Sasha back to the animal refuge for further treatment and was thereby barred from seeking relief from defendants.

Following a hearing, the court found that plaintiff was required by the contract with Orphans of the Storm to bring Sasha back for further treatment. Because plaintiff did not bring Sasha back to Orphans of the Storm, the court ruled that she could not recover from defendants. Defendants' motion was granted, and plaintiff appealed.

The purpose of a section 2—619 motion is to provide a means to dispose of issues of law or easily proved issues of fact. (*Timberline, Inc. v. Towne* (1992), 225 Ill. App. 3d 433, 438.) The motion should be granted and the complaint dismissed if, after construing the documents in the light most favorable to the nonmoving party, the court

finds that no set of facts can be proved which would entitle the plaintiff to recover. (*Wood v. Village of Grayslake* (1992), 229 Ill. App. 3d 343, 348; *Nagy v. Beckley* (1991), 218 Ill. App. 3d 875, 878.) When reviewing the propriety of a section 2—619 dismissal, all well-pleaded facts alleged in the complaint are taken as true. (*Elliott v. L R S L Enterprises, Inc.* (1992), 226 Ill. App. 3d 724, 727.) Conclusions of law or conclusions of material fact unsupported by specific factual allegations must be disregarded. (*Wood*, 229 Ill. App. 3d at 348.) As such, the reviewing court is concerned solely with a question of law presented by the pleadings. (*Milder v. Van Alstine* (1992), 230 Ill. App. 3d 869, 871.) This type of review is independent, and the appellate court is not required to defer to the trial court's reasoning. (*Miranda v. Jewel Cos.* (1989), 192 Ill. App. 3d 586, 588.) Thus, a section 2—619 dismissal may be affirmed on any grounds supported by the record, regardless of whether the trial court relied on those grounds or whether its reasoning was correct. *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286.

The trial court dismissed plaintiff's cause of action on the basis of the following language contained in the contract for adoption between plaintiff and Orphans of the Storm:

"If the animal is sick, I agree to return it to Orphans of the Storm within three days of adoption date. The refuge will cause it to be treated, if feasible, but, if in their judgment, and that of a veterinarian's, treatment is unfeasible, I will abide by such judgment. This clause is to insure prompt medical attention if required. It is NOT to be construed as a time limit for free medical attention.

Free medical care HERE is covered for two weeks. We prefer 'false alarm' returns to an adopters decision 'to wait a little longer and see'.

We cannot honor veterinary fees incurred by adopters to veterinarians not associated with this Refuge.

No guarantee whatever can be made with regard to animals adopted from this refuge. Some have been lost or abandoned; others have been relinquished by owners to us or other agencies. Even when relinquished by owners, we do not always get the truth about them. We do observe all animals closely as they are administered to and handled, and do not knowingly misrepresent any animal nor permit it to be adopted if we suspect it may be in ill health or temperamentally unsuited for adoption."

Since plaintiff did not bring Sasha back to the refuge, the court found that she breached the contract thereby waiving her right to sue Dr. Seidenberg for negligence.

■ The trial court interpreted the above-quoted contractual language as an exculpatory clause relieving Dr. Seidenberg for negligence in treating Sasha. Although exculpatory clauses are not favored and must be strictly construed against the benefitting party, they are not violative of public policy as a matter of law. (*Reuben H. Donnelley Corp. v. Krasny Supply Co.* (1991), 227 Ill. App. 3d 414, 419.) A contract which shifts the risks of one's own negligence to another contracting party will be enforced unless it would be against settled public policy to do so or there is something in the social relationship of the parties militating against upholding the agreement. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 548.) However, such clauses must contain clear, explicit, and unequivocal language which spells out the intent of the parties and will not be construed to defeat a claim which is not explicitly covered by its terms. *Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 395; *Macek v. Schooner's, Inc.* (1991), 224 Ill. App. 3d 103, 105.

In this case, the language of the contract requires the adopter to bring a *sick* animal, not an injured animal, back to Orphans of the Storm for treatment within three days of the adoption. The contract further states that Orphans of the Storm will not honor fees of veterinarians not associated with the refuge. We find the language of the contract is not sufficiently clear and explicit to exculpate a veterinarian from negligence in treating an animal adopted at Orphans of the Storm. Nothing in the language of the contract illustrates plaintiff's intent to waive her right to sue a veterinarian for negligent treatment of her dog. Further, the language of the contract is not sufficiently explicit to illustrate an intent by Orphans of the Storm to exculpate itself for negligent treatment of an animal adopted from the refuge and treated by an associated veterinarian.

In our interpretation, the contract obligated plaintiff to have Sasha spayed at the time indicated by Orphans of the Storm. Plaintiff complied with this provision by bringing Sasha to Dr. Seidenberg, the veterinarian assigned by the refuge, the day following the adoption. The spaying procedure was performed, and plaintiff brought Sasha home. Plaintiff became concerned when Sasha continued to vomit for two days following the surgery. It is undisputed that Dr. Seidenberg did not request that plaintiff bring Sasha in for further examination. Defendants contend that plaintiff breached the contract by failing to bring Sasha back to Orphans of the Storm for treatment.

Defendants' reliance on this portion of the contract in support of their contention that plaintiff waived her right to sue Dr. Seidenberg and the River Woods Pet Clinic for negligence is misplaced. First, we note that plaintiff entered into the contract for adoption with Orphans of the Storm.

■■ ■ Dr. Seidenberg and the River Woods Pet Clinic were not parties to this contract. A third party acquires no rights under a contract entered into by others unless the provision at issue was intentionally included for the direct benefit of the third party. (*Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.* (1991), 218 Ill. App. 3d 383, 393.) If the third party's benefit is merely incidental, he has no right to rely on the contract. (*Alaniz v. Schal Associates* (1988), 175 Ill. App. 3d 310, 312.) A third party is a direct rather than an incidental beneficiary when the contracting parties manifest an intent to confer a direct benefit on the third party. (*Village of Fox Lake v. Aetna Casualty & Surety Co.* (1989), 178 Ill. App. 3d 887, 911.) The contract need not specifically name a third-party beneficiary. (*Weil*, 218 Ill. App. 3d at 393.) However, there is a strong presumption that parties to a contract intend its provisions to apply only to them and not to third parties. (*155 Harbor Drive Condominium Association v. Harbor Point Inc.* (1991), 209 Ill. App. 3d 631, 646.) To overcome that presumption, the intent to benefit a third party must affirmatively appear from the language of the instrument considering the entire contract and the circumstances surrounding the parties at the time of its execution. *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 54; *Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225, 232.

Our review of the contract between plaintiff and Orphans of the Storm reveals that Dr. Seidenberg and the River Woods Pet Clinic were not direct beneficiaries. The contract's sole reference to veterinarians states that Orphans of the Storm will not pay for fees of veterinarians not associated with the refuge. In our view, the contract defines the rights and duties of plaintiff and the refuge in adopting an animal. It also defines the extent of liability of Orphans of the Storm for the adopted animal. However, the contract is silent regarding the rights and duties of a third-party veterinarian for negligent medical treatment. Furthermore, plaintiff seeks compensation for an injury allegedly inflicted by defendants. Thus, the relief plaintiff seeks is not precluded by the agreement.

■ Since the refuge does not have a complete history of each animal, the contract states that Orphans of the Storm cannot guarantee the health of animals adopted from the clinic. Viewing the entire con-

tract as a whole, we interpret the clause to require the adopter to bring a "sick" animal back to Orphans of the Storm only when the animal is suffering from an illness. However, based on the record, Sasha was suffering from an injury, and not a sickness as contemplated by the terms of the contract. Since we do not equate an injury with a sickness, we do not view the contract as exculpating associated veterinarians for negligent treatment.

■ On appeal, defendants argue for the first time that plaintiff was required to file an affidavit in support of her complaint for *veterinary* malpractice. The Healing Art Malpractice Act requires a plaintiff seeking damages for injuries resulting from *medical* malpractice to attach an affidavit of merit and a written report from a health professional to the complaint. (Ill. Rev. Stat. 1991, ch. 110, par. 2—622.) The failure to file an affidavit in compliance with this requirement is ground for dismissal under section 2—619 of the Code of Civil Procedure. Ill. Rev. Stat. 1991, ch. 110, par. 2—622(g).

Defendants moved for dismissal under section 2—619(a)(9) on the sole basis that plaintiff breached her contract with Orphans of the Storm. At no time did defendants assert that a section 2—619 dismissal was warranted because plaintiff failed to file a section 2—622 affidavit. When the trial court enters an order granting a motion to dismiss without specifying the ground on which it is based, the appellate court is faced with every issue raised in the motion. If any ground raised by the motion was proper, the appellate court must affirm. (*Williams v. Board of Education* (1991), 222 Ill. App. 3d 559, 565.) However, when the record on appeal indicates that an issue urged on appeal was not raised in the trial court, the issue is not properly preserved and is deemed to be waived on appeal. (*Williams*, 222 Ill. App. 3d at 565.) Since defendants' motion did not raise the issue of plaintiff's failure to file a section 2—622 affidavit, we deem this issue waived.

Viewing the pleadings in the light most favorable to plaintiff, we find that the court erred in dismissing the complaint pursuant to section 2—619. For the foregoing reasons, we reverse the judgment of the circuit court of Lake County and remand this cause to the trial court for further proceedings in conformance with this opinion.

Reversed and remanded.

INGLIS, P.J., and QUETSCH, J., concur.