ROY T. JOHNSON *et al.*, Plaintiffs-Appellants, v. DU PAGE AIRPORT AUTHORITY *et al.*, Defendants-Appellees.

Second District   Nos. 2—94—0019, 2—94—0369 cons.

Opinion filed December 27, 1994.

Aldo E. Botti, Terry W. Huebner, and Ronald D. Menna, all of Botti, Marinaccio & Tameling, Ltd., of Oak Brook, for appellants.

Larry L. Thompson and James A. Romanyak, both of Bell, Boyd & Lloyd, of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

This consolidated appeal is based upon two suits brought by the plaintiffs, Du Page County taxpayers, against the defendants, Du Page Airport Authority (the Authority), its chairman, George A. Varney, and its wholly owned subsidiary, Planemaster Services, Inc. Specifically, the plaintiffs appeal from the trial court's decision to grant the defendants' motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)) as to the plaintiffs' claim seeking an injunction, the trial court's refusal to permit the plaintiffs to amend their complaint in that suit to include

an action for an accounting and collection of sums due, and, subsequently, the trial court's decision to dismiss a second suit brought by the plaintiffs seeking an accounting and collection of sums due. We affirm in part, reverse in part and remand.

On August 9, 1993, the plaintiffs filed a complaint for an injunction (Airport I) against the defendants, alleging that on numerous occasions the defendants provided free air transportation to the public and certain public officials; that the defendants admitted providing free air transportation to elected officials which had no connection to the business run by the defendants; and that the defendants publicly stated that they intended to continue providing free air transportation services in the future unless restrained. The plaintiffs sought an injunction to prohibit the defendants from providing such free service.

On September 15, 1993, after the defendants were granted more time to answer the complaint, the Authority's board of commissioners met and adopted a resolution prohibiting free transportation of non-Authority personnel and requiring the making and maintenance of records for all flights undertaken by Authority employees.

On September 22, 1993, the defendants filed a section 2—619 motion to dismiss Airport I as moot, citing to the resolution passed by the Authority's board of commissioners.

Five days later, Airport I was transferred to Judge S. Keith Lewis, who held a hearing on the motion to dismiss. At that hearing, the plaintiffs asked for leave to file a first amended complaint. Copies of the first amended complaint were tendered to the trial court and to the defendants' counsel. Furthermore, the plaintiffs asked for additional time to respond to the defendants' section 2—619 motion to dismiss. The trial court then granted the plaintiffs' motion for additional time, but refused to allow the plaintiffs to file the first amended complaint, stating, "After the motion to dismiss the complaint for injunction is considered and ruled upon, then you [plaintiffs' counsel] will have to decide what you wish to do after that."

On October 28, 1993, the trial court heard oral argument on the defendants' section 2—619 motion to dismiss. At the hearing, the trial court granted the defendants' section 2—619 motion and dismissed Airport I *with prejudice,* instead of without prejudice. The trial court refused to consider allowing the plaintiffs leave to file their first amended complaint.

Later that day, the plaintiffs filed a new complaint against the defendants. Similar to what would have been the first amended complaint in Airport I, this complaint (Airport II) sought an accounting

of those individuals who had received free air transportation and the collection of sums due and owing as a result of the defendants' provision of free air transportation.

On November 16, 1993, the defendants filed appearances in Airport II and also filed a section 2—619 motion to dismiss Airport II (735 ILCS 5/2—619 (West 1992)). After motions to change venue were made, briefing schedules were entered with respect to the section 2—619 motion on November 19, 1993, and November 23, 1993.

On November 24, 1993, the plaintiffs filed a motion to reconsider, to vacate the prior order and for leave to file a first amended complaint *instanter*, and their memorandum of law in support thereof, in Airport I. The plaintiffs claimed that the trial court erred in denying their earlier motion to file a first amended complaint.

On December 3, 1993, Airport II was transferred to Judge Lewis, who then set a briefing schedule on the defendants' motion to dismiss Airport II.

On that same day, in Airport I, the plaintiffs presented their motion to reconsider, to vacate the prior order, and for leave to file the first amended complaint *instanter*. The defendants did not want to set a briefing schedule, and the motion was then argued upon the defendants' request. The plaintiffs argued that the issue of dismissal with prejudice was not briefed and their request for leave to file an amended complaint was improperly denied. The defendants argued that the amended complaint contained no new facts, that the amended complaint "was a ruse to keep this matter pending," that Airport II was also pending, and that there was no merit to actions for an accounting or collection. The trial judge denied the plaintiffs' motion to reconsider, broadly stating that "I adopt the position of the opponent to the motion that was made part of the record."

The parties proceeded to further brief the issue of whether Airport II should be dismissed. The defendants maintained that *res judicata* should bar Airport II and that the doctrine of judicial estoppel should not apply in this situation.

On February 17, 1994, after oral argument, the trial court sent out a letter opinion dismissing Airport II, stating only that "Defendant's [*sic*] position is adopted."

The plaintiffs appeal from the order dismissing Airport I, from the denial of their motion to reconsider the decision to deny the motion to amend their complaint, and also from the order dismissing Airport II. For the sake of judicial economy, these appeals have been consolidated before this court.

■ In making our decision, we are guided by the standards set forth for section 2—619 motions to dismiss (735 ILCS 5/2—619 (West

1992)). Generally, section 2—619 affords a means of obtaining a summary disposition of issues of law or of easily proved issues of fact. (*Kedzie & 103rd Currency Exchange, Inc. v. Hodge* (1993), 156 Ill. 2d 112, 115; *Nikolic v. Seidenberg* (1993), 242 Ill. App. 3d 96, 98.) The phrase "affirmative matter," as used in section 2—619(a)(9) (735 ILCS 5/2—619(a)(9)), encompasses any defense other than a negation of the essential allegations of the plaintiff's case (*Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 115). For that reason, courts have recognized that a section 2—619(a)(9) motion to dismiss admits the legal sufficiency of the plaintiff's cause of action (*Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 115) and all well-pleaded facts alleged in the complaint are taken as true (*Wood v. Village of Grayslake* (1992), 229 Ill. App. 3d 343, 348). However, conclusions of law or fact unsupported by specific factual allegations may be disregarded. (*Nikolic*, 242 Ill. App. 3d at 99.) The granting of a section 2—619 motion to dismiss is given *de novo* review on appeal. *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116; *Nikolic*, 242 Ill. App. 3d at 99.

In the defendants' section 2—619 motion to dismiss the unamended complaint of Airport I, the defendants apparently relied upon section 2—619(a)(1), alleging that because the resolution had made the claims pursued in Airport I moot, the trial court had no jurisdiction (735 ILCS 5/2—619(a)(1)). However, the more appropriate defense would have been section 2—619(a)(9), which states, "[T]he claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2—619(a)(9)). The defendants' reasoning in relying upon section 2—619(a)(1) puts the proverbial cart before the horse; in order to entertain the argument that an issue is moot, a court must at some time entertain jurisdiction.

## I. MOOTNESS

In the case at bar, we agree with the trial court that the relief sought in the original unamended complaint, an injunction to bar the further allowance of free air transportation, was rendered moot with the Authority's passage of a resolution prohibiting such conduct. A matter is moot if an actual controversy no longer exists and the interests or rights of the parties are no longer in controversy. (*Novak v. Rathnam* (1985), 106 Ill. 2d 478, 482.) Moreover, a case warrants dismissal if it is "impossible to grant effective relief to either party." (*Giddens v. Lake County Sheriff's Office Merit Comm'n* (1990), 195 Ill. App. 3d 459, 462, citing *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76.) Here, the resolution passed by

the airport authority prospectively prohibits the very conduct which the plaintiffs sought an injunction to prohibit in Airport I. Thus, this issue is moot, unless covered by an exception to the mootness doctrine.

■ The plaintiffs argue that the public interest exception applies in this case. A court may resolve an otherwise moot issue where an issue involves a substantial public interest. (*Bonaguro v. County Officers Electoral Board* (1994), 158 Ill. 2d 391, 395.) The test for this exception focuses on:

"(1) the public nature of the question, (2) the desirability of an authoritative determination for the purpose of guiding public officers, and (3) the likelihood that the question will recur." (*Bonaguro*, 158 Ill. 2d at 395.)

A clear showing of all three of these factors is required to bring a case within the public interest exception. *Bonaguro*, 158 Ill. 2d at 395.

■ Assuming *arguendo* that the public interest exception to the mootness doctrine may apply to Airport I, the record does not demonstrate that the plaintiff has established the second or third elements of the *Bonaguro* test set forth above (*Bonaguro*, 158 Ill. 2d at 395). An authoritative determination is not necessary in the present case, for the public officials here have responded by abandoning and proscribing the challenged practice. The possibility that free air transportation will be provided in the future is slight, for the airport authority responded to the criticism of its previous policy by issuing the resolution.

The plaintiffs aver that the authority will resume free transportation services in the future. Without more specificity, this claim remains a mere possibility or contingency. A court may not base its ruling on a contingency, but instead must rely upon an immediate and real event. (*DeFunis v. Odegaard* (1974), 416 U.S. 312, 320 n.5, 40 L. Ed. 2d 164, 171 n.5, 94 S. Ct. 1704, 1707 n.5.) In the context of the public interest exception to the mootness doctrine, a "cognizable danger," not a "mere possibility," is needed to "keep a case alive." (*United States v. W.T. Grant Co.* (1953), 345 U.S. 629, 633, 97 L. Ed. 1303, 1309, 73 S. Ct. 894, 898.) Here, the plaintiffs have not alleged with any specificity that the practice of providing free air transportation will continue in the future after the passage of the resolution. Indeed, this case is similar to those where courts have found no reasonable expectation that an activity would recur. (*Ragsdale v. Turnock* (7th Cir. 1988), 841 F.2d 1358, 1365 (because governmental officials conceded the unconstitutionality of their past conduct and subsequently discontinued that conduct, it is less likely that the

activity will recur); *Magnuson v. City of Hickory Hills* (7th Cir. 1991), 933 F.2d 562, 565 (the defendant city removed the plaintiffs from a list of residents being threatened with a water shut off, and the plaintiffs provided no evidence to show they had a reasonable expectation that the complained of activity would resume).) Therefore, the public interest exception to the mootness doctrine does not apply in this case, and the trial court correctly granted the defendants' section 2—619 motion to dismiss the unamended complaint in Airport I.

## II. JUDICIAL OR LITIGANT ESTOPPEL

■ The plaintiffs claim that the doctrine of judicial estoppel prohibits the defendants from arguing *res judicata*. We agree and note that judicial estoppel also bars the defendants from arguing collateral estoppel. The doctrine of judicial estoppel prohibits parties from adopting inconsistent legal positions in separate legal proceedings. (*Cashmore v. Builders Square, Inc.* (1991), 211 Ill. App. 3d 13; *Mijatov v. Graves* (1989), 188 Ill. App. 3d 792.) Thus, because this estoppel does not work against the court, it should more properly be termed litigant estoppel. Notwithstanding the misnomer, the doctrine may be applied despite the lack of detrimental reliance and privity (*Muellner v. Mars, Inc.* (N.D. Ill. 1989), 714 F. Supp. 351, 356) and may also be applied to governmental actions (*People v. Wisbrock* (1991), 223 Ill. App. 3d 173, 175). To establish judicial or litigant estoppel, a test of five elements must be met: (1) the same party must have taken the inconsistent positions; (2) in judicial or quasi-judicial proceedings; (3) the records of each proceeding must clearly reflect that the party sought to be estopped intended the trier of fact to accept the truth of the facts alleged in support of the positions; (4) the party taking the positions must have been successful in asserting the first position and must have received some benefit thereby in the first proceeding; and (5) the two positions must be totally inconsistent. *Department of Transportation v. Grawe* (1983), 113 Ill. App. 3d 336, 341-42.

■ The plaintiffs have satisfied the *Grawe* test in this case. The same defendants took inconsistent positions before the same court; the defendants intended that the trial court accept the truth of the facts alleged in support of their position; the defendants were successful in asserting that Airport I should be dismissed due to the pending nature of Airport II, were benefited thereby by the dismissal of Airport I, and were also successful in asserting *res judicata* in Airport II; and, finally, the positions taken by the defendants in arguing for the dismissals of Airport I and Airport II are totally in-

consistent. The defendants state they "consistently argued for the discontinuation of the controversy" and that judicial or litigant estoppel should not, therefore, apply. We disagree. The fact that the defendants "consistently argued for the discontinuation of the controversy" entirely avoids the issue of whether judicial or litigant estoppel should apply, for litigant estoppel focuses on the argument itself, not a broad, general conclusion. The defendants' circuitous illogic, to dismiss Airport I because of the pending nature of Airport II and to subsequently dismiss Airport II because of the decision rendered in Airport I, is exactly the type of shifting of positions that the doctrine of judicial or litigant estoppel prevents. *Cashmore*, 211 Ill. App. 3d at 18.

### III. *RES JUDICATA* AND COLLATERAL ESTOPPEL

The plaintiffs also contend that the trial court erred in dismissing Airport II. We agree. During the hearing on the petitioner's motion to reconsider the dismissal with prejudice of Airport I, the defendants took the position, adopted by the trial court, that Airport I should be dismissed because Airport II was pending, even though the counts were *not* identical in each suit. After Airport I was dismissed with prejudice, the defendants subsequently maintained in Airport II that Airport II should be barred by the doctrine of *res judicata* due to the dismissal of Airport I, despite the prospective nature of the first suit and retrospective nature of the second suit. The defendants described their position as follows:

"[R]epleader in [Airport] I should not be allowed because, inter alia, [Airport] II is pending; [Airport] II should be dismissed because of the final judgment in [Airport] I and res judicata."

The trial court adopted this position when dismissing Airport II.

We note that the facts in this case do not constitute *res judicata* because the trial court refused to allow the first amended complaint in Airport I, which would have created an identity of issues between the two suits. The first cause of action never contained the counts of the second cause of action, the issues remained collateral, and the defendants should have argued collateral estoppel rather than *res judicata* (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52). We will analyze the case under the doctrine of collateral estoppel and as presented by the parties, although the result is the same.

■ The doctrine of collateral estoppel ought not and does not bar the claims raised in Airport II. Collateral estoppel pertains to issues when:

"[A] party or someone in privity with a party participates in two separate and consecutive cases arising on *different* [(emphasis

in original)] causes of action and some controlling fact or question material to the determination of both causes *has been adjudicated against that party in the former suit* [(emphasis added)] by a court of competent jurisdiction." (*Housing Authority,* 101 Ill. 2d at 252.) First, here there are different causes of action only because the trial court adopted the defendants' argument and refused to allow joinder of the issues in Airport I. Judicial or litigant estoppel applies to this aspect of collateral estoppel just as it applies to the defendants' *res judicata* argument discussed below. Second, there is no controlling fact or question that was adjudicated in Airport I regarding the retrospective counts contained in Airport II. The lone count in the unamended complaint in Airport I was dismissed as prospectively moot. What might happen in the future is neither controlling nor material as to what has transpired in the past. Thus, collateral estoppel is not factually applicable to the facts in this appeal.

■ We now address the merits of the defendants' argument regarding *res judicata.* Although the doctrine of litigant estoppel applies in the present case and the dismissal of Airport II was therefore in error, we believe that the better approach for purposes of precedent is to opine that the trial court committed error when it dismissed Airport II based upon the court's adoption of the defendants' argument regarding *res judicata.* The doctrine of *res judicata* requires that, in order for a decision in one case to dictate the result in a subsequent suit, the decision of the first case must be on the merits (*Cromwell v. County of Sac* (1877), 94 U.S. 351, 352, 24 L. Ed. 195, 197; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 382; *Elliott v. LRSL Enterprises, Inc.* (1992), 226 Ill. App. 3d 724, 728). The term "merits" has been defined as, "the real or substantial grounds of [an] action or defense as distinguished from matters of practice, procedure, jurisdiction, or form" (*Clegg v. United States* (10th Cir. 1940), 112 F.2d 886, 887; see also *Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 878). Where there is no adjudication on the merits, a dismissal should be granted *without* prejudice, as opposed to granting dismissal *with* prejudice. (See *Sweeney v. Citicorp Person-to-Person Financial Center, Inc.* (1985), 137 Ill. App. 3d 1023, 1026.) The effect of a dismissal *without* prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed. (*Tierney v. Burlington Northern R.R. Co.* (1992), 240 Ill. App. 3d 526, 529.) Conversely, "a dismissal *with* prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim." (Emphasis added.) *Rogaris v. Oliver* (1993), 246 Ill. App. 3d 876, 881.

■ In the present case, Airport I was dismissed *with* prejudice,

indicating that the dismissal was on the merits. However, the law of this State is clear that a cause deemed moot "will not be *res judicata*, since there is no judgment on the merits." (*La Salle National Bank*, 3 Ill. 2d at 382; *Barth v. Reagan* (1986), 146 Ill. App. 3d 1058, 1064.) Thus, the dismissal of Airport I *with* prejudice was error, making the subsequent dismissal of Airport II based upon the *res judicata* effect of Airport I also error.

We feel even more justified in making this determination because the plaintiffs attempted to amend Airport I to include the counts contained in Airport II, but the defendants and the trial court prohibited such amendment. To subsequently dismiss the plaintiffs' second suit based upon the dismissal of the first results in the absurd circuitous conclusion that if a plaintiff files two contemporaneous lawsuits arguably regarding the same issue(s), then both suits will be dismissed *with prejudice* and the plaintiff will never have his day in court. The defendants have not cited authority to support such a conclusion, and we believe that no such authority ought to exist. By denying both the proposed amendments *and* the opportunity to continue Airport II, the trial court denied the plaintiffs their right to be heard regarding the retrospective relief they sought.

A reviewing court may, in its discretion, "exercise all or any of the powers of amendment of the trial court." (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 366(a)(1), eff. February 1, 1994.) We amend the trial court's order dismissing Airport I *with* prejudice to *without* prejudice. Therefore, the dismissal of Airport II based upon *res judicata* grounds is not warranted (*Cromwell*, 94 U.S. at 352, 24 L. Ed. at 197; *La Salle National Bank*, 3 Ill. 2d at 382; *Elliott*, 226 Ill. App. 3d at 728), and that order is reversed.

In view of the reinstatement of Airport II, we need not directly address the plaintiffs' contention that the trial court erred by not permitting the amendment of the Airport I complaint to add the claims subsequently brought in Airport II.

The judgments of the circuit court of Du Page County are affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

GEIGER and BOWMAN, JJ., concur.