HUGH BRADY *et al.*, Plaintiffs-Appellees, v. BOARD OF EDUCATION OF PALATINE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15, Cook County, Defendant-Appellant.

First District (1st Division)   No. 1—95—2777

Opinion filed October 21, 1996.

Andrea R. Waintroob, Pamela B. Hall, and Patricia M. Trainor, all of Franczek, Sullivan, Mann, Crement, Hein & Relias, P.C., of Chicago, for appellant.

Ralph H. Loewenstein, of Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellees.

Gregory N. Freerksen, of Witwer, Poltrock & Giampietro, of Chicago, for *amicus curiae* Illinois Federation of Teachers.

JUSTICE WOLFSON delivered the opinion of the court:

There are times when a nurse is called on to take care of a child attending school in District 15. Perhaps the child was injured during recess. Or the child might have some medical condition or disability, mental or physical, that requires attention. Vision and hearing must be screened. In short, the nurse is the school's health provider.

The question in this case is whether the Illinois School Code (105 ILCS 5/1—1 *et seq.* (West 1992)) requires that someone performing professional nursing services in District 15 must possess a school service personnel certificate. The trial judge held that the answer is yes. We affirm the trial judge.

FACTS

Community Consolidated School District 15 (District 15) is an elementary school district. District 15 is in Palatine, in Cook County. It has 15 elementary schools and four junior high schools. It educates about 11,800 students at any given time. The district employs about 750 certified staff members of a total staff of about 1,400.

Before the 1990 school year, District 15 still employed six school nurses. Because there were more buildings in the district than nurses, each school had a school nurse about two days a week. When the nurses were not there, other staff members provided first aid and gave out medication to the students.

Starting in 1990, District 15 began replacing school nurses who left the district with registered nurses employed as registered nurse health aides (R.N. health aides).

For the 1993-94 term, District 15 dismissed all but two school nurses. One of those nurses later retired. The other continued to work in District 15 as half-time school nurse and half-time coordinator of health services.

District 15 had written job descriptions for both school nurses and R.N. health aides.

A school nurse was described as a registered nurse who possessed a school service personnel certificate. That is, he or she would be trained to take part in classroom instruction. In addition, according to the district, the school nurse would: administer first aid, track student health records, monitor students' illnesses and injuries, conduct vision, hearing, and scoliosis screenings, supervise medication distribution, conduct classroom presentations, and attend evaluation meetings for special education students.

The R.N. health aide's duties were similar to those of the school nurse, but the health aide did not attend evaluation meetings for special education students. As of June 1994, the R.N. health aide had to have experience with school age children, have keyboarding and filing skills, and be certified in CPR, but no longer needed a Red Cross first aid course, did not need instructional training, and had unlimited time to be trained in vision, hearing, and scoliosis screening.

District 15 chose to replace the school nurses with R.N. health aides because the health aides are much less expensive to employ. A certified school nurse is "entitled to all of the rights and privileges granted holders of a valid teaching certificate, including teacher benefits, compensation and working conditions." 105 ILCS 5/21—25 (West 1994). R.N. health aides do not receive those "rights and privileges."

At the time of trial, District 15 had an aide at 18 schools. The remaining school was serviced by the only certified school nurse in the system.

The plaintiffs are three taxpayers. They claim the school district violated the Illinois School Code and the Illinois Administrative Code when it replaced school nurses with R.N. health aides. The trial judge agreed with the plaintiffs. He granted an injunction preventing the district from employing R.N. health aides who are not certified school nurses. The injunction was stayed pending this appeal.

DECISION

1. Is this case moot?

First, we must decide whether the issues presented to us are viable.

The question of mootness arises because shortly before trial began District 15 petitioned the board of education (the Board) for a waiver of the Administrative Code provision (23 Ill. Adm. Code § 1.760(h) (1996)) that states only school nurses may perform nursing duties at the schools. District 15 did not ask for a waiver of any provisions of the School Code.

The trial judge's decision was announced on June 23, 1995. He based his decision in part on the Administrative Code's certification requirement. The Board granted the waiver on October 15, 1995.

The district contends the waiver makes this case moot because there no longer is a controversy. See *Johnson v. Du Page Airport Authority*, 268 Ill. App. 3d 409, 414, 644 N.E.2d 802 (1994) (If no controversy exists between the parties, the case is moot).

■ We conclude that the controversy is made partially moot by the waiver of the Administrative Code provision. We will not decide whether the Board's waiver of section 1.760(h) is valid. We are informed that issue is being resolved in a case now pending in the circuit court of Cook County. There, a more complete record will be made on the validity of the waiver.

Still to be determined is whether the School Code, apart from administrative regulations, requires that any nurse hired by the district must possess a school service personnel certificate.

District 15 declined to ask the General Assembly for a waiver of the statutory provision (105 ILCS 5/10—22.23 (West 1992)) that the trial judge relied on when he granted the injunction sought by the plaintiffs. Why the district applied for a waiver of the administrative regulation but not the statute is unclear. At any rate, there is nothing moot about the trial judge's application of section 10—22.23.

The board of education agreed with the district's position. In a letter, the Board told District 15 it would "allow your district to employ registered nurses to perform professional nursing services in activities not related to classroom instruction, without requiring that they also hold school nurse certification." The Board's letter, of course, does not control our reading of the statute.

2. The School Code requirement

■ Section 10—22.23 of the School Code provides that school boards shall have the power "[t]o employ a registered professional

nurse and define the duties of the school nurse within the guidelines of rules and regulations promulgated by the State Board of Education. *Any nurse first employed on or after July 1, 1976 must be certificated under Section 21—25 of this Act."* (Emphasis added.) 105 ILCS 5/10—22.23 (West 1992).

■ District 15 contends the statute applies only when a nurse is hired to perform instructional work in addition to his or her nursing duties. Because R.N. health aides do no teaching, says the district, they do not have to be certified.

We do not agree with the district's reading of the statute. The phrase "any nurse" is clear and unambiguous. If the legislature wanted to restrict the certification requirement to nurses who teach, it could have done so. There is no separate provision in the School Code for R.N. health aides or anyone else who performs professional nursing services.

There is no need for construction or interpretation, strict or liberal, "where the language of a statute is clear." *DeWig v. Landshire, Inc.,* 281 Ill. App. 3d 138, 142, 666 N.E.2d 204 (1996). Where an enactment is clear and unambiguous, "a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.,* 158 Ill. 2d 76, 83, 630 N.E.2d 820 (1994).

Because the statute is clear in its terms, it is not within our purview to investigate the legislature's intent or purpose. See *Solich,* 158 Ill. 2d at 8. One court has suggested: "It would seem that the purposes to be attained thereby [enactment of section 10—22.23] were to provide nurses with some degree of job stability free from arbitrary hiring and firing, to attract nurses of high capabilities, and to provide for the retention of qualified nurses." *Verdeyen v. Board of Education of Batavia Public School District No. 101,* 150 Ill. App. 3d 915, 922, 501 N.E.2d 937 (1986).

In *Verdeyen,* the court was called on to determine the rights of an uncertified school nurse hired in 1974, before enactment of section 10—22.23. The court said:

"Under the amendment, a school board could continue to employ an uncertified nurse if she was hired prior to July 1, 1976. But, any nurse hired after that date was required to be certified under section 21—25 of the School Code." *Verdeyen v. Board of Education,* 150 Ill. App. 3d at 920.

District 15 asks us to look at another section of the School Code, section 10—22.34. That section provides that school boards may employ noncertificated personnel to perform certain nonteaching duties.

Nothing in section 10—22.34 refers to nursing services. We see nothing in section 10—22.34 that modifies, concerns, or conflicts with the specific certification requirement of section 10—22.23. In addition, the certification requirement was added by the legislature in 1975, 14 years after the enactment of section 10—22.34. Even if there were a conflict, the more recently enacted statute generally prevails over the older. *Jahn v. Troy Fire Protection District*, 163 Ill. 2d 275, 282, 644 N.E.2d 1159 (1994).

Nothing in the School Code requires a school board to hire a nurse to provide health services. But when it does, that nurse must be certified. Calling the nurse an R.N. health aide does not obliterate the clear meaning of section 10—22.23. We cannot, and have no desire to, rewrite the statute or add to it.

CONCLUSION

We affirm the trial court's order enjoining the district "from expending funds for the payment of health aides who perform professional nursing services and are not certified school nurses." The trial judge's stay of his injunction is vacated.

Affirmed.

CAMPBELL, P.J., and BRADEN, J., concur.